2026 Tex. Bus. 25



## The Business Court of Texas, Fourth Division

| | | |
|---|---|---|
| PRADERA SFR, LLC, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Cause No. 25-BC04A-0015 |
| AMERICAN HOUSING VENTURES, LLC, | § § § | |
| *Defendant*. | § § § | |

---

**OPINION**

---

### *Syllabus**

In a plea to the jurisdiction, Defendant challenged the Court's authority to hear this case by arguing that the Plaintiff's claims do not meet the statutory amount in controversy required for this court's jurisdiction. Applying Texas's well-established plea to the jurisdiction standard, the Court concludes it has subject-matter jurisdiction to hear this case. Accordingly, the Defendant's plea to the jurisdiction is denied.

---

* NOTE: The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.

## OPINION

¶1 Before the court is Defendant American Housing Ventures, LLC's ("AHV") Plea to the Jurisdiction challenging the court's authority to hear this case filed on February 27, 2026. Plaintiff Pradera SFR, LLC ("Pradera SFR") filed a response on March 16, 2026. The court held a hearing on the matter on April 15, 2026. After considering the parties' arguments, the court denies Defendant's plea.

## BACKGROUND

¶2 This case arises out of a real estate development project (the "Pradera Project") and subsequent copyright infringement lawsuit. Under the Pradera Project's Development Agreement, Pradera SFR was the owner, and AHV was the development manager of a community of 250 detached single-family rental homes in the Culebra Corridor in San Antonio, Texas. The Pradera Project was completed in 2020. In 2021, the Parties in the present case, Pradera SFR and AHV, were sued for copyright infringement by Kipp Flores Architects ("KFA"), an architectural firm with which AHV had previously worked, in connection with the Pradera Project. *See Kipp Flores Architects, LLC v. Pradera SFR, LLC et al.*, C.A. No. 5:21-cv-673-XR (W.D. Tx. 2021).

¶3 As alleged by Pradera SFR, under the Development Agreement, AHV assumed various obligations related to the management of the project. This included the obligations to perform the duties of a sophisticated development manager, act in good faith, act in Pradera SFR's best interest, and manage project architects and plans in compliance with the law, including federal copyright law. The Development Agreement also imposed

certain insurance obligations and required AHV to indemnify Pradera SFR for losses arising from AHV's defaults, gross negligence, or willful misconduct.

¶4     During the project's development, AHV initially approached KFA to be the architect for the Pradera Project's architectural drawings and plans. Pradera SFR and KFA ultimately did not reach an agreement on contractual terms. AHV later engaged KTGY Group, Inc. ("KTGY") as the architects for the Pradera Project.  KTGY prepared the architectural drawings and plans for the development of the Pradera Project.

¶5     As alleged by Pradera SFR, discovery obtained during the 2021 copyright infringement lawsuit showed that AHV shared KFA's copyrighted plans with KTGY and instructed KTGY to use KFA's plans in developing the plans KTGY was contracted to produce for the Pradera Development. Pradera SFR further alleged that the resulting derivative plans from KTGY were used in the construction of the rental homes in the Pradera Project and incorporated in the project's marketing materials. According to Pradera SFR, KFA notified AHV of the copyright infringement issue several years before KFA filed suit, and AHV did not disclose these concerns and represented to Pradera SFR that KTGY's plans were independently developed.

¶6     Development of the Pradera Project continued, and KFA filed suit in 2021 against AHV, Pradera SFR, and KTGY, asserting claims for copyright infringement in connection with the use of KFA's plans and related marketing materials. Pradera SFR alleged at the hearing on the present matter that, because the challenged designs had been used in connection with the construction of the homes in the Pradera Project, it faced a potential exposure of up to $70,000,000 in disgorgement damages.

¶7    In 2023, all parties to the 2021 copyright infringement suit (Pradera SFR, AHV, KTYG, and KFA) participated in mediation. As alleged by Pradera SFR, during the mediation, AHV refused to execute a settlement agreement unless Pradera SFR and AHV simultaneously resolved all pending crossclaims between them, including indemnity-related disputes arising under the Development Agreement. According to Pradera SFR, the Parties negotiated under a mediation deadline requiring execution before midnight that same day. With the options of either resolving the issue with AHV or remaining exposed to the potential disgorgement damages in the pending copyright claims, Pradera SFR agreed to a settlement with AHV.

¶8    All parties to the copyright infringement lawsuit entered into a Settlement Agreement. Under the Settlement Agreement, Pradera SFR and AHV agreed to a global settlement that mutually released claims arising from the Development Agreement, Pradera Project, and 2021 KFA copyright litigation. However, Pradera SFR alleges that under the Settlement Agreement, it expressly retained certain indemnity claims against AHV. Specifically, Section 3 titled "Retained Claims" of the Settlement Agreement provided that any retained indemnification claim would be limited "to the extent of remaining coverage under the USIC Policy, with any recovery limited to any insurance proceeds received by AHV from USIC."

¶9    The Settlement Agreement also contained a forum selection clause designating the United States District Court for the Western District of Texas as the forum for disputes arising under the agreement. In 2024, Pradera SFR sued AHV in that court to enforce the Settlement Agreement and assert the indemnity claims it alleges it reserved

seeking fees and costs allegedly incurred in the FKA copyright infringement litigation. AHV moved to dismiss the action, asserting, among other things, res judicata and limitations arising from the Settlement Agreement. In 2025, the federal district court dismissed the action without prejudice, declining to exercise jurisdiction over Pradera SFR's state-law indemnification claims. Pradera SFR now alleges it incurred approximately $500,000 in attorneys' fees and costs in connection with that proceeding.

¶10    Pradera SFR subsequently filed this action in the Business Court, asserting causes of action for (1) indemnification based on AHV's breach of duty and gross negligence, (2) indemnification based on AHV's alleged failure to maintain required insurance coverage under the Development Agreement, (3) breach of the Settlement Agreement, and (4) rescission or reformation the Settlement Agreement based on mistake or fraudulent inducement, or alternatively, mutual mistake. AHV responded by filing the present Plea to the Jurisdiction.

¶11    In its Original Petition, Pradera SFR alleges that the insurance proceeds limitation contained in Section 3 of the Settlement Agreement was the product of either mistake, fraudulent inducement, or mutual mistake. According to Pradera SFR, it was understood during mediation that AHV maintained insurance coverage through USIC that would respond to the retained indemnity claim and that AHV knew, or should have known, that the USIC policy did not provide coverage for contractual indemnity claims and failed to disclose that information during settlement negotiations. Pradera SFR further alleges that AHV failed to disclose deficiencies in its compliance with the insurance requirements contained in the Development Agreement. Pradera SFR alleges that if it had known the

USIC policy would not respond to the retained indemnity claim, it would not have agreed to limit recovery to available USIC proceeds.

¶12 As stated by Pradera SFR, Section 8.3.3 of the Development Agreement required AHV to maintain commercial general liability insurance with limits of $5,000,000 per occurrence and $5,000,000 annual aggregate throughout the term of the agreement. The Development Agreement further required AHV to maintain blanket contractual liability coverage, including coverage for the indemnity obligations to Pradera SFR. Additionally, Section 8.3.7 required AHV to maintain coverage through the "term" of the Development Agreement, from April 13, 2017, to August 30, 2020.

¶13 While AHV maintained commercial general liability and umbrella policies through First Mercury that met the required coverage limits and identified Pradera SFR as an additional insured, Pradera SFR alleges that the First Mercury policies do not provide coverage for the periods between April 13, 2017, and approximately May 24, 2018, leaving a portion of the Development Agreement term potentially uninsured.

¶14 Pradera SFR further alleges the USIC policies constituted separate "non-project-specific" coverage maintained for AHV's general business activities. After Pradera SFR filed suit in federal court in 2024 seeking indemnification under the Development Agreement, AHV tendered the claim to USIC, which later denied coverage. USIC stated the policy did not provide coverage for advertising injury, rather than for the contractual indemnity claim Pradera SFR sought. Pradera SFR alleges these facts show AHV failed to maintain the contractual liability coverage and additional insured coverage required under

the Development Agreement. This allegedly further demonstrates AHV knew of those deficiencies when negotiating the Settlement Agreement.

**ANALYSIS**

¶15    This court's jurisdiction is governed by section 25A.004(d) of the Texas Government Code. *See* TEX. GOV'T CODE § 25A.004(d). This section provides that this court has jurisdiction over actions that arise out of a qualified transaction when the amount in controversy exceeds $5,000,000, excluding monetary requests not at issue here. *See id*. Under the statute, a qualified transaction "means a transaction, or series of related transactions. . . under which a party: (A) pays or receives, or is obligated to pay or is entitled to receive, consideration with an aggregate value of at least $5 million." *See id*. § 25A.001(14). Here, Defendant challenges Plaintiff's amount in controversy assertion through a Plea to the Jurisdiction.

¶16    The crux of Defendant's plea to the jurisdiction centers on Defendant's allegation that the claims in Plaintiff's Original Petition do not meet the statutory amount in controversy threshold. In its Original Petition, Pradera SFR identifies several categories of alleged damages, including attorneys' fees and litigation expenses incurred in connection with the 2021 KFA copyright infringement litigation and subsequent 2024 federal proceeding, diminished project value, and other costs. Pradera SFR alleges that these categories of damages, taken together, exceed the amount-in-controversy threshold.

¶17    AHV contends that the Settlement Agreement limits any potential recovery to the insurance proceeds available under the USIC policy, and that USIC has denied coverage. However, that argument concerns the enforceability and scope of the Parties'

contractual agreements rather than whether Pradera SFR has pled damages sufficient to invoke this court's jurisdiction.

¶18    The legal principles governing pleas to the jurisdiction are well established in Texas.  As the Texas Supreme Court has stated:

> A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. The claims may form the context in which a dilatory plea is raised, but the plea should be decided without delving into the merits of the case.  The purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits of the plaintiffs' claims should never be reached.

*Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).  As in this case:

> [W]hen a defendant asserts that the amount in controversy is below the court's jurisdictional limit, the plaintiff's pleadings are determinative unless the defendant specifically alleges that the amount was pleaded merely as a sham for the purpose of wrongfully obtaining jurisdiction, or the defendant can readily establish that the amount in controversy is insufficient, as for example when the issue in dispute is a license or right rather than damages. A plea to the jurisdiction cannot be used to require the plaintiff to prove the damages to which he is entitled in order to show that they exceed the court's jurisdictional limits. The plaintiff's allegation of damages in excess of jurisdictional limits suffices to show the amount in controversy, even if damages cannot ultimately be proved at all. Were it otherwise, the plaintiff would be required to try his entire case to show an entitlement to damages in excess of the court's jurisdictional limits.

*Bland*, 34 S.W.3d at 554; *see also Miranda*, 133 S.W.3d at 226.

¶19    At this stage of the proceedings, the court accepts the Plaintiff's allegations as pled.  *See C Ten 3 LLC ex rel. v. Tarbox*, 2025 Tex. Bus. 1, at ¶46, 2025 WL 224542, at *13–14 (Jan. 3, 2025) (highlighting the Texas Supreme Court has repeatedly recognized the principles in *Bland* and *Miranda* over the last 140 years).  In *C Ten*, the court reiterated

that Texas courts, "generally will not look behind such pleadings absent evidence that the amount pleaded is fraudulent." *See id.* at ¶47. The court now applies these principles to the claims and allegations at issue.

¶20 At the hearing on this matter, AHV argued the insurance-proceeds limitation of the Settlement Agreement limits Pradera SFR's potential recovery to either the $2,000,000 limit of the USIC policy, or, given USIC's previous denial of coverage, nothing. Whether the limitation in Section 3 of the Settlement Agreement is enforceable, and whether that provision may be rescinded or reformed based on fraudulent inducement or mistake, presents a merits question that cannot be resolved through a plea to the jurisdiction in this case.

¶21 Additionally, Pradera SFR's pleadings assert a claim arising under the Development Agreement based on AHV's alleged failure to maintain the required commercial liability coverage and additional-insured coverage throughout the term of the Development Agreement.

¶22 Accordingly, absent proof of fraud or a sham pleading, the allegations contained in the pleadings control the court's jurisdictional anaysis. *See C Ten*, 2025 Tex. Bus. 1, at ¶46, 2025 WL 224542, at *13; *see also Miranda*, 133 S.W.3d at 224 (noting that the trial court may not look behind the pleaded allegations in assessing the amount in controversy for jurisdictional purposes); *Bland*, 34 S.W.3d at 554 (explaining that the pleaded amount in controversy governs unless the defendant establishes sham pleading). The court construes the pleadings "liberally in favor of the plaintiff[] and look[s] to the pleader['s] intent." *Miranda*, 133 S.W.3d at 226. As the Texas Supreme Court has

repeatedly recognized, "[t]he plaintiff is not required to marshal all her evidence and conclusively prove her claim to satisfy this jurisdictional hurdle." *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 805 (Tex. 2018); *see also C Ten*, 2025 Tex. Bus. 1, at ¶53, 2025 WL 224542, at *15.

¶23    As noted above, AHV previously moved to dismiss Pradera SFR's 2024 federal action filed in the Western District of Texas for lack of subject-matter jurisdiction. The federal court ultimately dismissed that action without prejudice and expressly declined to exercise jurisdiction over Pradera SFR's state-law claims. As the district court explained:

> Even if Plaintiff's indemnification claims constituted "enforcement" of the Settlement Agreement subject to the Court's retained (and discretionary) jurisdiction, nothing in Plaintiff's motion explains why it would be unable to pursue its indemnification claims in state court. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 375 (1994) ("[T]he court may, in its discretion, make the parties' compliance with the terms of the settlement agreement (or retention of jurisdiction over the agreement) part of its order."). In short, Plaintiff has not established that the Court's order declining to exercise jurisdiction over Plaintiff's indemnification claims has "worked an injustice."

Pradera SFR Resp. p. 4 of 114 (quoting Text Order, 4/21/25, Plea App. Q at pp. 211-212 of 212). The dismissal of the action in federal court does not establish that this court lacks jurisdiction over the claims presently asserted.

¶24    The court is not persuaded by AHV's characterization of this action as an improper attempt at forum shopping following the dismissal of the federal action. AHV contends that Pradera SFR's pleadings constitute a sham pleading intended to manufacture

jurisdiction in the Business Court. AHV argues Pradera SFR improperly conflates AHV's First Mercury policies with the USIC policy and improperly attempts to revive previously released claims under the Settlement Agreement. Whether Pradera SFR can ultimately prevail on the claims asserted is a separate question from whether the pleaded allegations are sufficient to invoke this court's jurisdiction.

## CONCLUSION

¶25 Accordingly, based on the pleadings before the court, the court denies Defendant's plea to the jurisdiction.

IT IS SO ORDERED.

Marialyn Barnard
Judge of the Texas Business Court,
Fourth Division

SIGNED ON: May 12, 2026

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 114786619
Filing Code Description: No Fee Documents
Filing Description: Opinion
Status as of 5/12/2026 1:12 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Elin Isenhower | | eisenhower@winstead.com | 5/12/2026 1:08:41 PM | SENT |
| Claudia Frost | | cfrost.flg@fletcherheld.com | 5/12/2026 1:08:41 PM | SENT |
| James GRuiz | | jruiz@winstead.com | 5/12/2026 1:08:41 PM | SENT |
| Matthew Brandt | | mbrandt@winstead.com | 5/12/2026 1:08:41 PM | SENT |
| Emma Pennington | | epennington@winstead.com | 5/12/2026 1:08:41 PM | SENT |